**SO ORDERED.**

**SIGNED this 24 day of February, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

A J POTTS and
PATRICIA ANN SMITH-POTTS,                     CASE NO.   09-06763-8-JRL

DEBTORS.                                      CHAPTER 13

### ORDER

This case is before the court on the debtors' motion to avoid lien. On February 16, 2011, the court held a hearing on this matter in Wilmington, North Carolina.

The debtors filed a chapter 13 bankruptcy petition on August 12, 2009. Then on December 1, 2010 the debtors filed a motion to avoid a nonpossessory, nonpurchase-money security interest held by American General. The creditor's security interest is in the debtors' household goods, which include several televisions, VCRs and DVD players. The debtors wish to avoid the lien on the property because the lien impairs the debtors' household goods exemption and "wildcard" exemption. N.C. Gen. Stat. §§ 1C-1601(a)(2) & (4). However, for the purpose of lien avoidance the definition of "household goods" is limited to only one television and one VCR/DVD player. 11 U.S.C. § 522(f)(4)(A).

A debtor may "avoid the fixing of a lien on an interest of the debtor in property to the

extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1). In order to avoid a lien, the property must be exempt and the lien must impair the exemption. The property at hand is exempt, either under the household goods exemption or the wildcard exemption. N.C. Gen. Stat. § § 1C-1601(a)(2) and (4) . A lien impairs an exemption if the lien "exceeds the value that the debtor's interest in the property would have in the absence of any liens." § 522(f)(2)(A). The exemption at issue is fully impaired because American General's lien amount is $1,109.73 and the value of the property claimed to be exempt is $575.00.

Having determined that the exemption is impaired, the analysis turns to whether this type of lien is covered under § 522. The code provides there are two types of liens which may be avoided: 1) a judicial lien and 2) a nonpossessory, nonpurchase-money security interest. § 522(f)(1). The debtors indicate that the lien at issue is a nonpossessory, nonpurchase-money security interest. When the lien is a nonpossessory, nonpurchase-money security interest the lien can only be avoided if the security interest is in:

> (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
>
> (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
>
> (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

§ 522(f)(1)(B). If the property under the nonpossessory, nonpurchase-money security interest is a household good, then the goods must fit the definition in this section of the code. Section 522(f)(4)(A) defines and limits "household goods" to:

2

      (i) clothing;

      (ii) furniture;

      (iii) appliances;

      (iv) 1 radio;

      (v) 1 television;

      (vi) 1 VCR;

      (vii) linens;

      (viii) china;

      (ix) crockery;

      (x) kitchenware;

      (xi) educational materials and educational equipment primarily for the use of minor dependent children of the debtor;

      (xii) medical equipment and supplies;

      (xiii) furniture exclusively for the use of minor children, or elderly or disabled dependents of the debtor;

      (xiv) personal effects (including the toys and hobby equipment of minor dependent children and wedding rings) of the debtor and the dependants of the debtor; and

      (xv) 1 personal computer and related equipment.

The debtors wish to avoid the lien on multiple televisions, VCRs and DVD players by claiming that some of their household goods are not subject to the § 522 definition because the property is exempt under the wildcard exemption instead of the household goods exemption. However, exempting some of the household goods under the wildcard exemption does not alter the fact that under § 522, this property, regardless of exemption category, is still household goods and subject to the definition of "household goods" in § 522 (f)(4)(A). The debtors can only avoid liens on household goods that are within the definition of § 522 (f)(4)(A).

Based on the foregoing, the motion to avoid lien on multiple televisions and VCRs is DENIED. The debtors' counsel is instructed to file a document with the court within ten days identifying specifically the precise television and VCR or DVD player on which the lien is to be

avoided, and the motion is allowed as to the identified items.

**"END OF DOCUMENT"**